IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIOPTICS MEDICAL PRODUCTS, INC.,<br><br>        Plaintiff,<br><br>  v.<br><br>MAUI JIM, INC.,<br><br>        Defendant._____/ | No. C-05-01885 MJJ (EDL)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS** |

On May 6, 2005, Plaintiff Dioptics Medical Products, Inc. filed this lawsuit against Defendant Maui Jim, Inc. alleging that two of Defendant's sunglasses products infringed three of Plaintiff's design patents for sunglass frames with and without lenses, and seeking declaratory relief.[1] Defendant answered and counterclaimed, alleging that Plaintiff's sunglass products infringed two of Defendant's design patents.

On December 1, 2005, Defendant filed a motion for Rule 11 sanctions, arguing that Plaintiff violated Rule 11 because: (1) the complaint alleges compliance with the marking requirement of 35 U.S.C. § 287(a) and Defendant argues that Plaintiff has not complied with the notice and marking requirement; and (2) the complaint seeks injunctive relief to which Plaintiff is not entitled because Defendant stopped selling the allegedly infringing product long before the lawsuit was filed. Defendant seeks dismissal of Plaintiff's infringement claims and the claims for injunctive relief and monetary damages. Defendant also seeks fees and costs for bringing this motion. Plaintiff opposed

---

[1] Plaintiff's three patents are: (1) D472,264 (protecting sunglass frames without lenses); (2) D447,505 (protecting sunglass frames with lenses); and (3) D447,506 (protecting sunglass frames with lenses).

1  the motion for sanctions and seeks Rule 11 sanctions against Defendant for filing the motion.  On
2  January 20, 2006, Judge Jenkins referred Defendant's motion to this Court for resolution.  The Court
3  held a hearing on Defendant's motion on February 21, 2006.

4  An attorney is subject to Rule 11 sanctions when, *inter alia*, he presents to the court "claims,
5  defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous
6  argument for the extension, modification, or reversal of existing law of the establishment of new
7  law." Fed. R. Civ. P. 11(b)(2).  "Rule 11 imposes a duty on attorneys to certify by their signature
8  that (1) they have read the pleadings or motions they file; and (2) the pleading or motion is
9  'well-grounded in fact,' has a colorable basis in law, and is not filed for an improper purpose."
10 Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir.1994).  Rule 11 is governed by an objective standard of
11 reasonableness.  See, e.g., Conn v. CSO Borjorquez, 967 F.2d 1418, 1420 (9th Cir.1992).  When "a
12 complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong
13 inquiry to determine (1) whether the complaint is legally or factually baseless from an objective
14 perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing
15 and filing it." Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002); Holgate v. Baldwin,
16 425 F.3d 671, 676-77 (9th Cir. 2005) ("The reasonable inquiry test is meant to assist courts in
17 discovering whether an attorney, after conducting an objectively reasonable inquiry into the facts
18 and law, would have found the complaint to be well-founded.").

19 As stated at the hearing, this case is not a model of pre-filing inquiry; in hindsight, Plaintiff
20 could have been more thorough in its investigation prior to filing the complaint.  However, this case
21 is not so egregious as to warrant sanctions under Rule 11 because Plaintiff had some good faith basis
22 before filing the complaint to support its allegations of marking and its prayer for injunctive relief.
23 The issues that Defendant raises are more appropriately brought as a motion for summary judgment.

24 With respect to marking under 35 U.S.C. § 287(a), Plaintiff's CEO stated that Plaintiff
25 consistently instructs its suppliers and manufacturers to mark the products. Id. ¶ 6.  A fire in May
26 2004 in one of the factories making the sunglasses in Taiwan led to damage to some sunglass molds
27 and led to an undetermined number of sunglasses being manufactured after the fire without the '505
28 patent marking. Id. ¶ 7.  Plaintiff corrected this lapse as soon as it discovered the problem. Id.

2

1  Further, Plaintiff provided Defendant with a product that was marked with the '505 patent.[2] With
2  respect to the '506 patent, Plaintiff states that only 12,000 products embodying the patent were sold
3  for one year beginning in January 2001, that no product embodying that patent is currently on sale in
4  the United States and that it no longer has a sample. Id. ¶ 8. The '506 mold was also damaged in
5  the May 2004 fire, but since no further products were made, none were sold after the fire without
6  markings. Id. ¶ 7. Plaintiff believes that products embodying the '506 patent were marked when
7  sold. Id. ¶ 8. Finally, Plaintiff makes at least a colorable argument that it need not mark its products
8  with the '264 patent because that patent embodies the sunglass frame without lenses and Plaintiff
9  makes no products embodying only the '264 patent. See Wokas v. Dresser Industries, 978 F. Supp.
10 839, 843 (N.D. Ind. 1997) (marking statute is not applicable to situations where the patented item is
11 not made or sold by the patentee) (quoting Medical Graphics Corp. v. SensorMedics Corp., 36
12 U.S.P.Q 2d 1275, 1278, 1995 WL 523633 (D. Minn. 1995)). In addition, Plaintiff's preliminary
13 infringement contentions are consistent with the allegations in the complaint; that is, that
14 Defendant's sunglass product with lenses infringes the '505 or '506 patents, not the '264 patent.
15 White Decl. Ex. F. The preliminary infringement contentions for the '264 patent are set forth in
16 connection with the sunglass frames only. Id. As demonstrated at the hearing, the lenses in
17 Defendant's sunglasses are readily removable, in contrast to Plaintiff's product. Whether Plaintiff's
18 argument that it need not mark its product with the '264 patent because it always sells its lenses and
19 frames together in one piece, but that Defendant infringes the patent even though Defendant also
20 does not sell the frame separately from the lenses is ultimately persuasive is a question for another
21 day.

22     With respect to Plaintiff's prayer for injunctive relief, Defendant has raised legitimate
23 questions concerning the degree of investigation that Plaintiff conducted into whether Defendant
24 continued to sell the allegedly infringing products. Plaintiff made a showing at the hearing that
25 before filing this lawsuit, it accessed certain websites that appeared to be selling Defendant's
26 products. However, there has been no showing that Plaintiff verified, before filing this lawsuit, that

---

28  [2] The Court expresses no opinion as to whether the marking is adequate for purposes of 35 U.S.C. § 287(a).

3

1  Defendant's products could actually be purchased from those websites, and Defendant has come
2  forward with evidence that the websites no longer sold any of the allegedly infringing sunglasses.
3  See Copeland Decl. ¶¶ 6-10.  Nevertheless, there is authority supporting Plaintiff's argument that
4  injunctive relief can be appropriate even if the allegedly infringing products are no longer for sale.
5  W.L. Gore & Associates, Inc. v. Garlock, Inc., 842 F.2d 1275, 1281-82 (Fed. Cir. 1988) ("There is
6  nothing to suggest that Garlock no longer has the capacity to make the filament or braided packing
7  material or that the equipment has been sold or dismantled or that Garlock has no intention to
8  resume making it.  The mere fact that Garlock was no longer making or selling the infringing
9  filament and packing products is not a sufficient ground for denying an injunction against future
10 infringement.").  Accordingly, Plaintiff's request for injunctive relief is not objectively baseless.

    Accordingly, for the reasons set forth at the hearing and in this Order, Defendant's motion for Rule 11 sanctions is denied.

**IT IS SO ORDERED.**

Dated: February 24, 2006

                                                ELIZABETH D. LAPORTE
                                                United States Magistrate Judge

**United States District Court**
For the Northern District of California